IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RANDY MURPHY, #260660,** | : |
| Plaintiff, | : |
| vs. | :     **CIVIL ACTION 09-0660-WS-C** |
| **CLARKE COUNTY JAIL, et al.,** | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, a inmate an Alabama prison inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I.  Amended Complaint (Doc. 10).**

Plaintiff is bringing a medical claim that arose while he was an inmate at the Clarke County Jail (hereinafter "jail"). (Doc. 10 at 4). When plaintiff was incarcerated at the jail on April 6, 2009, he was taking medication; this medication was changed without his knowledge between July 4, 2009 and July 19, 2009. (<u>Id.</u>). When plaintiff took this medication on July 17, 2009, he became dizzy and fell down a flight of stairs, injuring his

hip and lower back.  (Id.).  Officers did not discover him for approximately twenty to thirty minutes.  (Id.).  It then took about an hour for emergency personnel to arrive.  (Id.).  Plaintiff was taken to the emergency room at Grove Hill Hospital where defendant Dr. Neal "evaluated [him] for bumps and bruises."  (Id. at 6).  For relief he wants compensatory, nominal, and punitive damages in unspecified amounts as he wants to be made whole again.

Plaintiff's claim against defendant Nurses Department at the jail is for changing his medicine without giving him notice and without evaluating him, and for "inadequate staffing that prevented adequate diagnosis and treatment."  (Id. at 5).[1]  His claim against defendant Correctional Officers is not clearly pled.  As best the Court can discern, plaintiff alleges that they did not exercise proper supervision, housed him in an improper unit as he was a medical patient, and "show[ed] broad discretion against [his] medical needs."  (Id.).  Defendant Dr. Neal, with the Grove Hill Hospital, did "not give[] the proper and adequate diagnosis" and has a "poor system for ensuring all labs tests done and positive results follow ups."  (Id. at 6).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the superseding amended complaint (Doc. 10) under 28 U.S.C. § 1915(e)(2)(B).[2]  Under §

---

[1] The defendants are those entities listed in section III of the complaint.  See Doc. 10 at 1 (C).

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28

1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint may also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.  "[L]abels and conclusions[] and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief.  Id. at 555, 127 S.Ct. at 1965.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

---

U.S.C. § 1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Bilal, 251 F.3d at 1348-49.

In a pro se litigant's action, his allegations are given a liberal construction by the Court. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### III. Discussion.

Two defendants named by plaintiff are groups identified by the function their members perform at the jail, i.e., Nurses Department, also identified as the medical staff, and Correction Officers. However, in order to bring a viable § 1983 claim, a defendant must be an entity that is subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." Fed.R.Civ.P. 17(b); see Dean, 951 F.2d at 1214.

Under Alabama law, the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ." ALA. CODE § 14-6-1. Generally, a sheriff's department operates a county jail. However, an Alabama sheriff's department lacks the capacity to be sued. Dean, 951 F.2d at 1214-15; King v. Colbert County , 620 So.2d 623, 626 (Ala. 1993); White v.

Birchfield, 582 So.2d 1085, 1087 (Ala. 1991).  Then, it follows that the jail and any subdivision of the jail, such as the Nurses Department (or medical staff) or the Correction Officers, likewise lack the capacity to be sued.  Castillo v. Cook County Mail Room Dept., 990 F.2d 304, 307 (7th Cir. 1993) (finding that because the jail is not a suable entity, then it follows that the subdivision, the mail room, is not a suable entity).

The Nurses Department (or medical staff) at the jail is not a legal entity distinct from the jail and, therefore, it is not subject to suit, nor is it a "person" for § 1983 purposes.  Johnson v. Sheahan, 94 C 618, 1994 WL 494803 (N.D. Ill. Sept. 8, 1994) (unpublished) (holding the jail medical staff is "neither a person or entity subject to suit because of the lack of a legal existence");[3] Harris v. Fairman, No. 94 C 3883, 1995 WL 151806, at * 6 (N.D. Ill. Mar. 31, 1995) (unpublished) (jail medical staff); Jefferys v. Department of Corrections, No. 94 CIV 2942 (VLB), 1994 WL 702752 (S.D.N.Y. Dec. 13, 1994) (unpublished) (jail medical staff); Merrell v. Dukes, No. 85-2556, 1985 WL 3566, at *1 (E.D. Pa. Nov. 5, 1985) (unpublished) (prison medical staff); accord Bey v. Pennsylvania Dept. of Corrections, 98 F. Supp.2d 650, 657 & n.21 (E.D. Pa. 2000) (dismissing the medical staff because it was a component of a state institution entitled to Eleventh Amendment immunity and, therefore, was not capable of being sued, and was not a "person" for § 1983 purposes).

The same reasoning applies to defendant Correction Officers.   Sullivan v.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

Hamilton County Jail Staff, No. 1:05-cv-320, 2006 WL 1582418, at *3 (E.D. Tenn. June 5, 2006) (unpublished)  (the jail staff is a subdivision of the sheriff's department and, therefore, is not a legal entity subject to suit).  Inasmuch as defendant Correction Officers is not a legal entity distinct from the jail and is not a person amendable to receiving service of process, the entity "Correction Officers" cannot be sued in a § 1983 action.  Accordingly, the claims against defendants Nurses Staff and Correction Officers fail to state a claim upon which relief can be granted. plaintiff has failed to state a claim for relief

      The third defendant is Dr. Neal who worked in the Emergency Room at Grove Hill Hospital.  Plaintiff did not allege that Dr. Neal acts under color of state law. In order to state a claim under 42 U.S.C. § 1983, "the conduct complained of [must be] committed by a person acting under color of state law [and it must have] deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 420 (1986).  Inasmuch as plaintiff failed to identify Dr. Neal as acting under color of state law, he has failed to state a claim against Dr. Neal.[4]

---

    [4]The Court observes that under Alabama law Grove Hill Hospital has been previously determined to be operated and organized by the Town of Grove Hill.  Poe v. Grove Hill Memorial Hosp. Bd., 441 So.2d 861, 864 (Ala. 1983).  However, in order to present a claim against the hospital, the six-month notice requirement for presenting a claim to the city was required to be complied with before a viable lawsuit could be brought.  Id.; see ALA. CODE § 11-47-23.

In the alternative, Dr. Neal is alleged "not [to have] given the proper and adequate diagnosis for [plaintiff's] injuries & damages poor system for ensuring all labs tests done and positive results follow ups" and to have "evaluated [plaintiff] for bumps and bruises."

Plaintiff's allegations against Dr. Neal are extremely vague and conclusory and do not contain sufficient factual allegations to state a medical claim. "In order to state a cognizable medical claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

"[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S.Ct. at 292 (quotation marks omitted). Furthermore, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.) (internal quotations marks omitted), cert. denied, 475 U.S. 1096 (1986).

In the present action, it is apparent that plaintiff received some type of medical treatment. The Court, however, is hampered by plaintiff's vague and conclusory allegations from delving further into plaintiff's condition at that time and the type of treatment he received or did not receive. Whereas, it was incumbent upon plaintiff to

plead a plain statement containing sufficient factual allegations "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 557, 127 S.Ct. at 1966.  Plaintiff has not done this.  Furthermore, considering the information that plaintiff provided--"not given the proper and adequate diagnosis for [his] injuries"--it appears that he is disputing the treatment he received, which does not state a § 1983 claim.  <u>Hamm</u>, 774 F.2d at 1575.  Moreover, based on plaintiff's allegations, the Court cannot say that the actions of Dr. Neal even rise to the level of medical malpractice or negligence, much less the required deliberate indifference.  Therefore, Plaintiff's allegations fail to state a medical claim under § 1983.

## IV.  <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 31st day of March, 2010.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.     **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

9